OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the complaint reinstated, with costs.
*792 Whatever the limitations on the ultimate collection of any judgment that may be recovered, the bankruptcy court has neither issued a specific stay nor granted prior leave to the city to bring the present plenary suit against the defendants (trustees of a railroad in reorganization under subdivision [a] of section 77 of the Bankruptcy Act [US Code, tit 11, § 205, subd (a)]) for wharfage charges incurred after the commencement of the reorganization and for money damages for what, according to the complaint, are breaches of agreements to pay rentals and provide maintenance on certain properties during the same period. In addition, it cannot be determined beyond argument whether the litigation falls within the proscriptive scope of Order No. 1. Though the original leases between the railroad and the city were entered into and indeed expired prior to the bankruptcy, the bankrupt continued to occupy the premises on the same terms and conditions as holdover tenant following the institution of the reorganization proceeding.
Inasmuch as the reorganization court can stay any action that might impede or alter the bankrupt’s continued operation, we leave to that court the determination whether this litigation should be permitted to be prosecuted (see US Code, tit 28, § 959; Thompson v Texas Mexican Ry. Co., 328 US 134; see City of New York v Patton, 390 F Supp 1001; 6 Collier, Bankruptcy [14th ed], par 3.31, subd [2]).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in a memorandum.
Order reversed, etc.